**People of the State of Illinois, Plaintiff-Appellee, v. Sylvester Hutchins, Defendant-Appellant.**

Gen. No. 53,964.

First District, First Division.

July 20, 1970.

Edward F. Ryan and Kenneth L. Gillis, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Anthony M. Montemurro, Assistant State's Attorneys, of Chicago), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

In a bench trial defendant was found guilty of the offense of "unlawful use of weapons" in violation of chapter 38, § 24–1 (a) (1), Ill Rev Stats. Defendant was released on probation for the period of one year, with the first thirty days to be served in the Cook County House of Correction.

The determinative question presented on appeal is whether the object found in defendant's possession and admitted into evidence, without objection, as State's Exhibit 1, was a "bludgeon" within the meaning of the statute, which provides:

"24–1. § 24–1. Unlawful Use of Weapons.] (a) A person commits the offense of unlawful use of weapons when he knowingly:

"(1) Sells, manufactures, purchases, possesses or carries any bludgeon, blackjack, slungshot, sandclub, sandbag, metal knuckles or any knife, commonly referred to as a switchblade knife, which has a blade that opens automatically by

hand pressure applied to a button, spring or other device in the handle of the knife; or

"(2) Carries or possesses with intent to use the same unlawfully against another, a dagger, dirk, billy, dangerous knife, razor, stiletto, broken bottle or other piece of glass, or any other dangerous or deadly weapon or instrument of like character; . . . ."

Both sides stipulated to the following description of the object:

"Approximately forty inches long; made entirely of wood; approximately one pound; the handle is about three inches long; an inch in diameter at the bottom portion; one to two inches in diameter on one side and one to two inches in diameter on the other side; the handle is separated from the body by a series of half-inch pegs protruding from the object; there is a carved face of a goat below the pegs; the object is not straight, it is contorted in certain places; it looks like a cane from a tree limb; it looks worn at the end like a cane."

On February 11, 1969, the complaining witness, Officer Joseph Stehlik, was called to the Forrestville High School located at 4401 South St. Lawrence Avenue, Chicago, on a "disturbance" complaint. Officer Stehlik observed the defendant enter the school with an object in his hand, which Stehlik characterized as a "cane." The defendant was placed under arrest and then questioned as to why he was at the school. Over objection, Officer Stehlik testified that "he stated that his friend, Jeff Fort, may need some help—Jeff Fort being a member of the Blackstone Rangers." Defendant was holding the upper three inches of the object in his right hand, and it was pointed straight down with no part touching

■■■■■■■

the ground. Defendant made no statement with respect to the object, and he told Officer Stehlik he was not a student at the school where he was arrested.

Defendant testified that he was twenty-one years of age, born in Arkansas and lived in Chicago since he was ten years old. The object was made for him at the Blackstone Youth Center at 67th and Blackstone. He used it for a walking cane and had it with him all the time. The symbol on it represented a goat. On cross-examination, defendant stated he suffered from no physical disability, and he was not a student at Forrestville.

In finding defendant guilty as charged, the court remarked, "Well, considering all of the evidence, I feel that the State has sustained its burden, and there will be a finding."

On appeal defendant contends the offense of "unlawful use of weapons" is not sustained by the record, and the State has failed to show convincing proof that the article in question was a bludgeon. Defendant asserts, "Proof of intent to use is not an ingredient of the crime charged against the defendant herein, as it is under Section 24–1 (a) (2) of the Illinois Criminal Code. Mere possession of the prohibited instrument, known and voluntary, constitutes the offense. The reason for this classification is based upon the dangerous character of certain weapons and instruments, the mere possession of which is made unlawful. . . . A bludgeon is defined as 'a short stick, with one end loaded, or thicker and heavier than the other, used as an offensive weapon; hence, any clublike weapon.' (Webster's New International Dictionary, 2d ed, 1960.) This description does not remotely fit the object possessed by the defendant. The description of the object fits the description of an ornamental cane."

Defendant also asserts, "The record is devoid of any testimony using the word 'bludgeon.' The only mention of bludgeon is in argument of counsel. At trial, the police

300

officer stated that he 'observed the defendant enter the school with this cane in his possession.' "

Defendant further argues that the burden was upon the State to establish beyond a reasonable doubt all the essential elements necessary to constitute the crime charged. (People v. Quinn, 411 Ill 97, 103, 103 NE2d 81 (1951).) If the object in question could obviously be used for no purpose other than as a weapon, such as a "sawed-off billiard cue" or a "broken baseball bat," then the object might be considered a bludgeon. Defendant further asserts there is no evidence in the record, probative or otherwise, to justify the allegation that the object in question was a bludgeon, and all the evidence in the record points to its use as a cane with a peaceful purpose.

Defendant argues that intent to use is not an element of the offense charged, and "the record herein is devoid of any proof as to the intent to use or the actual use by the defendant of the object as a weapon. He didn't swing it, raise it, wield it or in any way use it in a threatening manner. The only evidence concerning the defendant's use of the object is the defendant's own testimony that he used the object as a walking cane." Therefore, defendant maintains, as no use has been proved in the record which might bear on the character of the object, it is clear that the charge of unlawful use of a weapon cannot be sustained against the defendant.

Defendant cites People v. Visarities, 220 App Div 657, 222 NYS 401, 403 (1927), where the instrument was an iron bar about twenty inches long and about a half inch in diameter. In finding the object was not a bludgeon, the court stated:

> "To base a conviction on mere possession, it must clearly appear that the thing possessed answers the description of one of the prohibited instruments or weapons . . . .

"As mere possession constitutes the offense, it would follow, if the people's contention is sound, that one in possession of a piece of crowbar, heavy wrench, hammer, or other similar piece of iron or heavy material capable of use as a weapon could be convicted of a violation of that portion of the statute now under consideration. Such a result was never within the contemplation of the Legislature.

". . . The fact that the defendant was on a strike and had the iron bar partly concealed under his coat when arrested might be regarded as some evidence of his intent to use. However, we are not called upon to pass upon this question, in view of the form of the information."

Defendant further argues that if the trial court's instant decision were upheld, the mere possession of any cane, shillelagh, walking stick, or piece of heavy wood of this size could subject a person to the criminal charge of unlawful use of weapons, and such a result was never the intent of the Illinois legislature and the conviction should be reversed.

The State maintains that the attending circumstances of defendant's arrest support the finding of the trial court. The evidence shows Officer Stehlik had been called to the high school on a "disturbance" complaint. He saw defendant enter the school, of which he was not a student, with an object in his hand. Defendant was placed under arrest and was questioned as to why he was at the school and "he stated that his friend, Jeff Fort, may need some help—Jeff Fort being a member of the Blackstone Rangers." Defendant did not have any observable physical defect that required the use of a cane. The construction of the object was such as to make it usable as a dangerous or deadly weapon.

The State further asserts that "a deadly weapon has been defined as one dangerous to life; one likely to

produce death or great bodily injury. A deadly weapon is an instrument that is used or may be used for the purpose of offense or defense and capable of producing death. Some weapons are deadly per se; others, owing to the manner in which they are used, become deadly. A gun, pistol, or dirk-knife is itself deadly, while a small pocket knife, a cane, a riding whip, a club or baseball bat may be so used as to be a deadly weapon."

The State cites People v. Dwyer, 324 Ill 363, 155 NE 316 (1927), where it is said (p 365):

> "Where the weapon in question and the manner of its use are of such character as to admit of but one conclusion, the question whether or not it is deadly is one of law for the court to determine, but when the character of the weapon is doubtful or the question depends upon the manner of its use it is a question for the jury to determine from a description of the weapon, from the manner of its use and the circumstances of the case."

 After examining this record, we conclude that the object carried by defendant took its character from the facts and circumstances present at the time of his arrest. The statement made by defendant as to why he was at the school, of which he was not a student, was admissible as part of a direct narrative of the circumstances surrounding the occurrence and within the guidelines of People v. Allen, 17 Ill2d 55, 63, 160 NE2d 818 (1959):

> "The test of admissibility of evidence is whether it fairly tends to prove the particular offense charged and any circumstances may be put in evidence which tend to make the proposition at issue either more or less probable."

██ As stated in People v. Dwyer, where the character of the weapon is doubtful, it is a question for the

trier of the fact to determine from a description of the weapon, from the manner of its use, and the circumstances of the case. Here, the court, after carefully considering all of the evidence, found that the State sustained its burden of proving the object in defendant's possession was a "bludgeon" and sufficient to prove defendant guilty beyond a reasonable doubt of the offense of "unlawful use of weapons."

We find no merit in defendant's contention that the trial court erred in admitting into evidence the statement that he was there because his friend, Jeff Fort, might need some help. As previously noted, the statements made by defendant at the time of his arrest were part of a direct narrative of the circumstances surrounding the occurrence and properly in evidence for use in determining the character of the object in question. Although the object here may have had some proper use as a cane, realistically it took its character from the posture in which the police officer found it in the possession of defendant, and the evidence here was sufficient to support the court's finding that the object was a "bludgeon" within the meaning of the statute.

██ In a bench trial in a criminal case, a reviewing court, in view of the opportunities of observation available to the trial court, will not disturb a guilty finding unless the proof is so unsatisfactory or implausible as to justify a reasonable doubt of defendant's guilt. (People v. Pena, 72 Ill App2d 305, 314, 219 NE2d 667 (1966).) After examining this record, we find the circumstantial evidence and the testimony of the police officer were sufficient to support a guilty finding beyond a reasonable doubt.

█ Although defendant has not requested any modification of the conditions of his admission to probation, we believe the instant situation calls for the use of the powers given to this court by Supreme Court Rule 615 to reduce or modify the punishment imposed by the trial

304

court. After finding defendant guilty, the court inquired if there was "anything in mitigation and aggravation," and the prosecutor replied he had no indication of any prior convictions. From this we assume that defendant has never been imprisoned in a place of confinement. Therefore, we think the interests of defendant and society may be best served by eliminating the condition of probation that defendant serve the first thirty days of his period of probation in the House of Correction.

For the reasons given, the judgment of the Circuit Court of Cook County is affirmed, and the terms of defendant's admission to probation are modified so as to eliminate the condition that defendant serve the first thirty days of his period of probation in the Cook County House of Correction.

Affirmed as modified.

BURMAN, P. J. and ADESKO, J., concur.