THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH KREBEL *et al.,* Defendants-Appellants.

(No. 69-84;

Fifth District—November 20, 1970.

Sprague, Sprague & LeChien, of Belleville, (Thomas A. LeChien, of counsel,) for appellants.

C. Glennon Rau, State's Attorney, of Waterloo, for the People.

Mr. PRESIDING JUSTICE MORAN delivered the opinion of the court:

The defendants, Kenneth Krebel and his brother Orvel Krebel, each entered a plea of guilty to the charge of aggravated battery, a violation

of ch. 38, par. 12—4, Ill. Rev. Stat., 1967; disorderly conduct, a violation of ch. 38, par. 26—1, Ill. Rev. Stat., 1967; resisting a police officer, a violation of ch. 38, par. 31—1, Ill. Rev. Stat., 1967; Orvel Krebel also pled guilty to criminal damage to property, a violation of ch. 38, par. 21—1, Ill. Rev. Stat. 1967.

After a hearing in mitigation and aggravation, Orvel Krebel was placed on probation for two years on the condition that he serve six months in the Vandalia Penal Farm, pay medical expenses and make restitution. Kenneth Krebel was placed on probation for two years and required to serve sixty days in the Monroe County jail and make restitution.

Orvel and Kenneth Krebel, accompanied by their wives, were returning from the city of St. Louis to their home in Monroe County, Illinois on December 29, 1968. They both had been drinking heavily and a fight between the two of them arose in the car while they were driving home. They pulled their vehicle along the side of the road near the city of Columbia, Illinois, and resumed fighting. A passing motorist saw the defendants' car in a ditch, saw the defendants fighting each other, and saw two ladies, the wives of the defendants, standing on the road screaming. He immediately notified Lieutenant Joseph Callis of the Columbia, Illinois Police Department who immediately proceeded to the scene. He placed them under arrest and instructed them to get in the back seat of the police car. They obeyed, but then got out of the police car and commenced fighting again. Lieutenant Callis attempted to separate the two brothers and while attempting to handcuff Orvel Krebel, he was struck in the mouth by the dangling part of the handcuff which he had attached to the right hand of Orvel Krebel. As a result, he suffered a chipped tooth, a cut lip and a black eye.

Lieutenant Callis did not know if he was hit with a portion of the cuff around Orvel Krebel's wrist, or the dangling part of the cuff. He also testified that he could not swear that Orvel used the handcuff for the purpose of hitting him. More police officers arrived on the scene and the defendants were subdued and taken to the police station while offering resistance to the efforts of the police to subdue them. Orvel Krebel was taken to the Monroe County jail in Waterloo, Illinois, and Kenneth Krebel was taken to the Columbia city jail in Columbia, Illinois. While in jail at Columbia, Kenneth knocked the bunk of the cell off the wall and it had to be welded in order to be repaired. In addition, he tore the faucet off the sink in the jail cell, which also had to be repaired.

The report of the probation officer disclosed that Kenneth was 25 years of age and Orvel was 27. Kenneth was married and had no children. Orvel was married and had two sons, aged 2 and 7. Kenneth had been

employed by the McDonnell Aircraft Company, St. Louis, Missouri, as a sheet metal worker and riveter since November 22, 1965 at a gross pay of $587.00 per month. Orvel was employed as a coal foreman since April 19, 1967 at the Great Lakes Carbon Company, St. Louis, Missouri, at a gross pay of $670.00 per month. Both were honorably discharged veterans and had no prior arrests or convictions.

The Chief Adult Probation Officer in his report stated:

"During my interview with both defendants, I was impressed by their truthfulness in discussing the matter and also by the penitent attitudes they displayed in regard to this incident. They both are regularly employed and it is hard for us to conceive why these two brothers, who seem to be extremely friendly with each other, would become involved in a fight between themselves. However, the fact does remain that a police officer was assaulted which necessitated considerable dental work and this is inexcusable. The probation department does not wish to see these boys incarcerated in a penal institution, that would bring about their dismissal from their jobs, and the family they are supporting. It is our belief that possibly during their vacation period from employment they could be incarcerated in the Monroe County Jail for a time prescribed by the Court that would make these brothers realize the fallacy of attacking a police officer, however, at the time both were highly intoxicated. We also feel that compensation should be forthcoming to reimburse the City of Columbia, Illinois for any damages that were sustained during this affair."

At the hearing in mitigation and aggravation a supervisor from McDonnell Aircraft Company testified that Kenneth Krebel had worked under him for about four years and was an exemplary employee. The supervisor of the Great Lakes Carbon Company, St. Louis, Missouri, testified that Orvel Krebel was a company foreman who had recently been trained as a relief foreman so that he could fill any foreman's job in the plant. He was an outstanding employee. Other evidence indicated that the defendants were men of good reputation.

At the conclusion of the hearing the State's Attorney suggested that the report of the probation officer be used as a guide for punishment.

Defendants contend that the interests of society would best be served by allowing them probation without incarceration.

The Standards Relating to Probation recommended by the Advisory Committee of the American Bar Association on Sentencing and Review, provide in part:

"1.2 Desirability of probation.

Probation is a desirable disposition in appropriate cases because:

(i) it maximizes the liberty of the individual while at the same time vindicating the authority of the law and effectively protecting the public from further violations of law;

(ii) it affirmatively promotes the rehabilitation of the offender by continuing normal community contacts;

(iii) it avoids the negative and frequently stultifying effects of confinement which often severely and unnecessarily complicate the reintegration of the offender into the community;

(iv) it greatly reduces the financial costs to the public treasury of an effective correctional system;

(v) it minimizes the impact of the conviction upon innocent dependents of the offender.

1.3 Criteria for granting probation.

(a) The probation decision should not turn upon generalizations about types of offenses or the existence of a prior criminal record, but should be rooted in the facts and circumstances of each case. The court should consider the nature and circumstances of the crime, the history and character of the offender, and available institutional and community resources. Probation should be the sentence unless the sentencing court finds that:

(i) confinement is necessary to protect the public from further criminal activity by the offender; or

(ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined, or

(iii) it would unduly depreciate the seriousness of the offense if a sentence of probation were imposed.

(b) Whether the defendant pleads guilty, pleads not guilty, or intends to appeal is not relevant to the issue of whether probation is an appropriate sentence."

In *People v. Evrard*, 65 Ill.App.2d 118, 212 N.E.2d 305, we held that an order imposing a six month jail sentence as a condition of probation was reviewable. In *People v. Harpole*, 97 Ill.App.2d 28, we said:

"The purpose of modern-day penology is the rehabilitation of the offender. That sentence which has the greatest potential of restoring the offender to a useful and productive place in society while at the same time adequately punishing the offender for his misconduct and safe-guarding the public from further offenses is the one which should be imposed." *Id.* 33.

"Under the circumstances of the present case, it is our opinion that defendant was entitled to probation. Defendant acknowledged that her actions were wrong and it is highly unlikely that she is of such a

criminal mind or will be exposed to such similar circumstances whereby another offense would be committed. Inasmuch as the record is replete with statements showing defendant is quite capable of holding a responsible job and supporting her family and also that defendant could easily reassume a respectable position in society, we feel that the rehabilitation of the defendant could have been effected without serving the penalty provided for the offense." *Id.* 35.

Sections 117—1(a) (1)—(3) of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, pars. 117—1(a) (1)—(3)) provide that a person who has been found guilty of any offense except a capital offense, sale of narcotics or rape is eligible for probation when it appears that the applicant is not likely to commit another offense, that the public interest does not require incarceration, and that rehabilitation does not require incarceration.

These are first offenses which although serious were not premeditated. Both Krebels are married and leading stable lives. Orvel Krebel, age 27, has two children, while Kenneth, age 25, has no children. Kenneth has been employed by McDonnell Aircraft since November of 1965 and Orvel has been employed by Great Lakes Carbon Company since April of 1967. Representatives of both of their employers vouched for their reputations and industrious habits. Both are honorably discharged from the military service.

■■ It appears that the defendants are not likely to commit another offense, the public interest does not require their incarceration, and rehabilitation does not require incarceration. Under these circumstances we are not persuaded that the interests of society will best be served by requiring them to be confined for part of their probationary periods. *People v. Calahan,* 103 Ill.App.2d 350, 243 N.E.2d 624.

The order of probation on Orvel Krebel is amended by reversing and eliminating that part of the order which directs him to spend six months in the Vandalia Farm, and the order of probation on Kenneth Krebel is amended by reversing and eliminating that part of the order which directs him to spend sixty days in the Monroe County jail and as amended the orders of probation are affirmed.

The police are to be commended for the patience and forbearance they exercised in this case under very trying circumstances.

Judgments modified and affirmed.

EBERSPACHER and GOLDENHERSH, JJ., concur.