The People of the State of Illinois, Plaintiff-Appellee, *v.* Louis Brady, Defendant-Appellant.

(No. 55627;

First District—March 15, 1972.

Charles I. Schwartz, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Brian D. Alpert, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, charged with a misdemeanor of battery, was found guilty in a bench trial and sentenced to serve 90 days in the House of Correction. He maintains on appeal that the trial judge abused his discretion by denying defendant probation.

Defendant was a janitor in a public school. The complaining witness was James O'Rourke, an engineer custodian in the same school who was defendant's superior. In the morning of the day of the incident, defendant asked O'Rourke for permission to leave the school to go to a hospital to visit his brother. After permission was granted, O'Rourke telephoned the hospital and learned that neither the defendant, nor his sick brother was there. Upon return defendant reported to O'Rourke who questioned the authenticity of the reason for the absence. Defendant resented the accusation and an altercation resulted. O'Rourke received a broken nose, broken jaw, six stitches in the back of his head and ten in the back of his ear. Actually the defendant did go to the hospital but his brother had left and the person answering O'Rourke's telephone call did not know this. O'Rourke called Brady a liar which in turn caused the argument leading to the fight.

At the end of testimony the trial judge was told that the defendant

has never been convicted of a crime, had never been in trouble, lived with his wife and three children and has been on the same job for five years. The defendant asked for probation. The trial court was sufficiently advised as to defendant's past record.

Appellant maintains on appeal that the sentence should not stand because of the clear abuse of discretion by the trial court in denying probation to the defendant. In the first place, the defendant directs our attention to the record which reveals that the State did not show any previous criminal record as aggravation against the defendant. The record reveals that the trial court knew that the defendant had no previous record having been so informed. Secondly, defendant states that the trial court summarily denied defendant's application for probation.

We are mindful of the decision in *People v. Smice,* 79 Ill.App.2d 348, 223 N.E.2d 548, in which the court said:

"Generally, trial courts cannot properly sentence offenders without a presentence or probationary report and without a hearing on aggravation and mitigation. Absent the information furnished thereby, reviewing courts are asked to make decisions in a vacuum."

It has no application to the instant case in which this court is not making its decision in a vacuum. After defendant was found guilty the State recommended the 90 day sentence. Defendant's attorney advised the trial court that defendant "has never been convicted of a crime. Never been in trouble before. He has a wife and three children. He has been on the same job for five years. He will lose the job by your finding of guilty today because as a matter of fact there is a member of the Civil Service Commission that is going to be sitting to hear this case tomorrow. I think that if there would be a probation here, your honor, or some finding that the man is punished enough by losing his job. He is going to have a stiff time finding another job."

The trial judge then replied as follows: "I am not too inclined to do that. I'll tell you why. Now he has answered to this case, to the people of the State of Illinois and this is a vicious beating. I'll tell you quite frankly, I was set to impose six months before the State made this ninety days recommendation. I'll tell you quite frankly, I think this is a felony. Ninety days."

Illinois Supreme Court Rule 615(b)(4) permits a reviewing court to reduce the punishment imposed by the trial court. We are aware of the fact that the trial judge has a superior opportunity to determine what sentence should be imposed. We affirm the judgment of the trial court.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.