THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD C. JENNINGS, Defendant-Appellant.

(No. 54586; ▮)

First District—April 26, 1972.

*Rehearing denied May 26, 1972.*

Franklin M. Lazarus, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James R. Truschke, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

After a jury trial, Richard Jennings was found guilty of battery. Trial court sentenced the defendant to one year's probation, with the first 120 days to be served in the House of Correction. Defendant raises the following issues for review:

"(1) Defendant was not proven guilty beyond a reasonable doubt;
(2) State employed a series of unsupported insinuations which were damaging to defendant's credibility;
(3) Trial court made prejudicial rulings and statements to the jury;
(4) The condition of defendant's probation, requiring that he spend 120 days in the House of Correction, was excessive."

The facts are as follows:

On May 21, 1968, complainant, Salvatore Petramala, was on his way home from his part-time job. He testified that he noticed a stalled 1964 or 1965 red Buick with men in it in his lane. Complainant testified that he crossed the white dividing line to get around the stalled car and returned to the right lane. He further testified that the stalled car then started up, its lights went on, and it began chasing him. Defendant Jennings and David Penn, both police officers, testified that the complainant went through a red light, almost causing them to collide. A high speed chase followed the alleged near collision. Complainant drove to his parents' apartment building and ran up the stairs to their apartment. He was pounding on the door when the defendant got up the stairs. Defendant was dressed in civilian clothes.

There is a dispute over whether the defendant and David Penn ever stated that they were police officers. They grabbed the complainant and when complainant's family opened the door, Penn pointed his revolver

at them and told them to shut the door. Jack Petramala, complainant's brother, testified that after closing the door he called the police and reported a robbery. Complainant was continuously shouting, "Don't kill me," and "Take my money," as the defendant beat him, tore his pants off and shoved him down the stairs. Jennings dragged the complainant outside the building after he had drawn his revolver.

Police Officer Zaloscham testified that he answered a robbery call and when he arrived on the scene Jennings and the complainant were struggling outside the apartment building. Officer Zaloscham told Jennings to "stop fighting." Jennings stated that he was a police officer. Complainant was protesting that he was being robbed and that Jennings was not a police officer. Officer Zaloscham testified that he told Jennings, "Stop it, stop fighting, shut your mouth, I don't care who you are, shut your mouth, you've been drinking."

Defendant's first contention was that he was not proven guilty beyond a reasonable doubt. The key question is whether the defendant was in the process of making a lawful arrest. A lawful arrest would be the only justification for the bodily harm inflicted on the complainant by the defendant.

Section 107—2 of the Code of Criminal Procedure [Ill. Rev. Stat. 1967, ch. 38, par. 107—2] provides in part:

"A peace officer may arrest a person when:

\* \* \*

(c) He has reasonable grounds to believe that the person is committing or has committed an offense."

There was a conflict in the testimony over the circumstances surrounding the inception of the chase. Complainant testified that he crossed the white dividing line to go around the defendant's stalled car. Defendant testified that the complainant drove through a red light and caused a near collision after which the chase began. Complainant's testimony was corroborated by that of his brother, father, and Officer Zaloscham. They testified that the defendant was beating up the complainant and that the complainant was shouting that he was being robbed.

■■ In *People v. Nicholls*, 42 Ill.2d 91, 245 N.E.2d 771, the Supreme Court said at page 95:

"It is the function of the jury to weigh testimony, judge the credibility of witnesses and determine factual matters in debatable sets of circumstances (*People v. Woods*, 26 Ill.2d 582, 585). This court will not substitute its judgment for that of a jury nor disturb the finding of a jury unless the finding is palpably contrary to the manifest weight of the evidence. (*People v. Peto*, 38 Ill.2d 45, 49; *People v. Solomon*, 24 Ill.2d 586, 591.)"

The jury's finding was not palpably contrary to the manifest weight of the evidence.

In his second and third contentions the defendant urges that two trial errors were committed: 1) the State employed a series of prejudicial and unsupported insinuations which seriously damaged defendant's credibility with the jury; and 2) the trial court made statements to the jury which were prejudicial to the defendant. The alleged errors were not included in the defendant's written motion for a new trial. When grounds for a new trial are stated in writing, a defendant on review is limited to the errors set out in the post-trial motion, and all others are regarded as having been waived. *People v. Irwin,* 32 Ill.2d 441, 207 N.E.2d 76; *People v. Hairston,* 46 Ill.2d 348, 263 N.E.2d 840; *People v. Landry,* 123 Ill.App.2d 86, 259 N.E.2d 604; *People v. Harper,* 127 Ill.App. 2d 420, 262 N.E.2d 298.

■■ Since the defendant did not set out the alleged two trial errors in his written motion for a new trial, he has waived them on appeal.

Defendant's final contention was that the condition of his probation, requiring that he spend 120 days in the House of Correction, was excessive. He cites *People v. Krebel,* 130 Ill.App.2d 815, 264 N.E.2d 279, as authority for eliminating the confinement portion of his probation sentence. The *Krebel* case is easily distinguishable from the instant case because the defendants were not police officers and the injuries were not inflicted intentionally.

■■ The trial court has the best opportunity in the course of a trial and during the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed. (*People v. Taylor,* 33 Ill.2d 417, 211 N.E.2d 673.) Before sentencing the defendant, the trial court stated that the defendant, as a trained police officer, had a greater responsibility to be circumspect in his conduct. Defendant's actions were a deliberate abuse of the trust placed in him by the people.

■■ The sentence in this case was within the scope of the punishment fixed by statute, and we find nothing in the record to indicate that the trial court abused its discretion in sentencing the defendant. For the reasons given, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.