340

The People of the State of Illinois, Plaintiff-Appellee, *v.* Harold McCall (Impleaded), Defendant-Appellant.

(No. 58403;

First District (2nd Division)—August 21, 1973.

Frederick F. Cohn, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis, Mark R. Harms, and Terrence McQuigg, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HAYES delivered the opinion of the court:

The defendant, Harold J. McCall, and his co-defendant, Carl Dixon, were charged in a two-count indictment with attempt murder and unlawful use of weapons in violation of section 8—4 and section 24—

1(a)(7) of the Criminal Code of Illinois (Ill. Rev. Stat. 1969, ch. 38, pars. 8—4, 24—1). After a bench trial, the defendants were found guilty of the unlawful use of weapons and sentenced to a minimum of two years and a maximum of five years. The defendants were found not guilty of the charge of attempt murder. Harold J. McCall appealed.

On July 15, 1970, at about 10:00 P.M., two Chicago police officers were driving in an unmarked car on 14th Street near Keeler Avenue, Chicago, Illinois. They saw a group of youths, including the defendant, loitering on the corner. They stopped the car, observed the group for a few minutes, and then proceeded west on 14th Street. Someone shot at and hit the car. The police officers then turned around and went east on 14th Street.

The police officers chased three of the youths (two of whom were defendant and Dixon) who had been standing on the corner. They observed that the defendant and Dixon tossed two shotguns over a fence behind 1354 South Kedvale Avenue, Chicago. One of the police officers jumped over the fence and recovered the weapons. One gun was a Volunteer single-barreled shotgun, chrome plated, rather short. The other was a Browning semi-automatic shotgun. In Grand Jury testimony admitted at trial for impeachment purposes, the weapons were described as sawed-off shotguns.

The other pursuing police officer with the help of additional officers caught the defendant and Dixon, and placed them under arrest.

At the trial the Browning semi-automatic shotgun and the Volunteer single-barreled shotgun were introduced in evidence as Plaintiff's Exhibits 1 and 2, respectively. The defendant had the Browning gun. An expended shell recovered from the Browning semi-automatic shotgun was introduced in evidence as Plaintiff's Exhibit 4.

Section 24—1(a)(7) provides that a person commits the offense of unlawful use of weapons when he knowingly possesses or carries any shotgun with a barrel less than 18 inches in length (Ill. Rev. Stat. 1969, ch. 38, par. 24—1).

■ ■ The defendant argues that the record in the case at bar contains no positive evidence that the guns introduced in evidence, and particularly the Browning automatic allegedly possessed by the defendant, had a barrel of less than 18 inches in length. However, the shotguns were introduced in evidence and, therefore, were before the eyes of the trial judge. By observation, he could determine that they were sawed-off shotguns and that they were less than 18 inches in length. Further, when the trial judge found the defendant guilty of the unlawful use of weapons, he necessarily determined that the barrels of the sawed-off shotguns were less than 18 inches in length.

The defendant was represented by privately retained counsel. At no time did the defense ever assert that the sawed-off shotguns introduced into evidence had barrels of 18 inches or more in length. Where the parties throughout the trial treat a weapon as belonging to a class prohibited by statute, it cannot be contended for the first time on appeal that the weapon is not encompassed within the statutory prohibition. *Cf. People v. McMahon* (1935), 359 Ill. 97, 99, 194 N.E. 233.

██ In a bench trial in a criminal case, in view of the opportunities of observation available to the trial court, a reviewing court will not set aside a guilty finding unless the proof is so unsatisfactory implausible as to justify a reasonable doubt of the defendant's guilt. *People v. Hutchins* (1970), 127 Ill.App.2d 296, 304, 262 N.E.2d 258; *People v. Bracey* (1970), 129 Ill.App.2d 57, 62, 262 N.E.2d 748; *People v. Catlett* (1971), 48 Ill.2d 56, 64, 268 N.E.2d 378.

In the case at bar the fact that the sawed-off shotguns were introduced in evidence and viewed by the trial court, together with the testimony of the police officers, was sufficient to support a guilty finding beyond a reasonable doubt.

The cases cited by the defendant merely set forth general principles of law and are not applicable to the facts in the case at bar.

While we have no duty to examine exhibits which have not been submitted to us with the record on appeal, we have the right to examine exhibits admitted into evidence by the trial court. In order to make assurance doubly sure, we have exercised that right in the instant case, and have by observation and measurement satisfied ourselves that the barrel length of the Browning semi-automatic shotgun (which was the gun which defendant had) was less than 18 inches in length.

██ The defendant also argues that the sentence of the trial court, namely, a minimum of two years and a maximum of five years in the Illinois State Penitentiary is excessive under the Unified Code of Corrections, effective January 1, 1973.

The defendant was charged with and found guilty of the unlawful use of a weapon in violation of section 24—1(a)(7) of the Criminal Code of Illinois (Ill. Rev. Stat. 1969, ch. 38, par. 24—1). Under the amendment to section 24—1, effective January 1, 1973 (Ill. Rev. Stat., (1972 Supp.), ch. 38, par. 24—1), a person convicted of a violation of section 24—1(a)(7) commits a Class 4 felony. Section 5—8—1(b)(5) of the Unified Code of Corrections (par. 1005—8—1(b)(5)) provides that the maximum term for a Class 4 felony "shall be any term in excess of one year not exceeding 3 years" (Ill. Rev. Stat., (1972 Supp.), ch. 38, par. 1005—8—1) and the minimum term for a Class 4 felony "shall be one

year in all cases". Ill. Rev. Stat. (1972 Supp.), ch. 38, par. 1005—8—1(c)(5).

Section 8—2—4 of the Unified Code of Corrections (Ill. Rev. Stat., (1972 Supp.), ch. 38, par. 1008—2—4) provides that if the prosecution of an offense "has not reached the sentencing stage or a final adjudication then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced". Cases pending on appeal at the effective date of the new Code (namely, 1 January 1973; Ill. Rev. Stat., (1972 Supp.), ch. 38, par. 1008—6—1) have not reached "final adjudication" and the lesser sentencing provisions of the new Unified Code of Corrections are applicable in such cases. (*People v. Harvey* (1973), 53 Ill.2d 585, 294 N.E.2d 269.) In the instant case, therefore, the sentence of two to five years in the Illinois State Penitentiary must be set aside under the provisions of the Unified Code of Corrections.

The judgment of the circuit court of Cook County is affirmed and, under the authority vested in us by Supreme Court Rule 615(b)(4), we reduce the sentence to not less than one nor more than three years and remand the cause to the said circuit court of Cook County with direction to modify the mittimus accordingly.

Judgment affirmed, remanded with directions.

LEIGHTON and DOWNING, JJ., concur.