THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE RAY BRYANT, Defendant-Appellant.

(No. 73-335;

Second District (1st Division)—January 22, 1975.

Karl F. Winkler and Roszkowski, Paddock & Johnson, both of Rockford, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Edward Morris, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant herein, on a plea of guilty to the charge of battery in a bench trial, was found guilty and admitted to probation for a period of 1 year and 6 months, the condition of probation being that he spend the first 45 days of said probationary period in the county jail under the provisions of section 5—7—1(c) of the Unified Code of Corrections. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—7—1(c)). The defendant appeals, contending that the sentence of periodic imprisonment is unwarranted and not necessary in view of the nature of the offense and the record of the defendant.

The defendant and the complaining witness, one Dorcie Craig, had known each other for a number of years, had been keeping company and had planned on being married in a few days after the offense

charged herein. It would appear that on the day in question herein, and perhaps prior thereto, Dorcie had decided to part company with the defendant. He picked her up at work on the day in question, drove her home and suggested that they eat together or go out to a restaurant. Dorcie, the complaining witness, was divorced and had two boys, aged 8 and 13. She refused to eat with the defendant or to go out with him. He returned to her place of residence, an altercation ensued and he struck her several times, causing serious injury to her eye. The striking appears to have been with his open hand. Shortly after the battery, defendant returned to Dorcie's residence and testified that he did so for the purpose of apologizing. However, she met him at the door with a gun, an altercation again ensued and the police were called and both were charged. The complaining witness went to the hospital and subsequently returned thereto for the purpose of surgery upon her eye. Her medical bills totalled $1659.77. Upon demand by Dorcie's attorney, defendant paid that amount to her, together with the sum of $1,000 for pain and suffering. In order to do this he placed a mortgage upon his own residence. Needless to say the marriage did not take place.

The sole question presented here is whether or not the sentence of periodic imprisonment as the condition of probation is warranted. With the exception of one assault case which occurred 13 years prior to the instant matter, and for which the defendant was fined the sum of $10, he has no criminal record. He has been steadily employed for the past 15 years in a drugstore in Rockford, where he is now the manager. He is 40 years of age.

■■ The gist of the defendant's argument is that the main purpose to be served in sentencing is the rehabilitation of the defendant which, he goes on to argue, is unnecessary in his case. Modern-day penologists have substantiated the defendant's contention to some degree. However, we disagree. Rehabilitation of the defendant is, of course, highly desirable, however, it is only one of several purposes to be served by sentencing. Protection of society is another essential element to be considered by the trial court in removing a defendant from society who is a menace thereto. No useful purpose would be served is discussing in detail the purposes and the efficacy of the varying degrees of sentence that may be imposed on a defendant either for the conviction of a felony or a misdemeanor as here. One facet to be considered in sentencing is the punishment of the defendant for his act and the deterrent effect such punishment may or can have on other potential offenders.

Considering the above, the question arises as to whether or not 45 days of periodic imprisonment as a condition of probation is such punishment as might deter others from committing a like offense, or if such periodic

imprisonment will protect society from the defendant, and lastly, whether the 45 days of periodic imprisonment would have a rehabilitative effect upon this particular defendant.

The courts of Illinois, in three fairly recent cases, have considered this very question. In *People v. Callahan* (1968), 103 Ill.App.2d 350, 243 N.E.2d 624, the defendant therein assaulted a police officer in the criminal court building in Chicago, ostensibly because of a prior altercation with that policeman in the parking lot of the criminal court building. The court therein, in observing the seriousness of the offense, stated, "However, we are not persuaded that the interests of society will be best served here by defendant spending the first six months of his probation period in the House of Correction." (103 Ill.App.2d 350, 355, 243 N.E.2d 624, 627.) The court considered the fact that the defendant had been convicted of armed robbery, but for the subsequent 14 years had had no difficulty with the law and had been steadily employed. The court thereupon eliminated that portion of the order which directed the imprisonment of the defendant for 6 months as a condition of his probation. In *People v. Hutchins* (1970), 127 Ill.App.2d 296, 262 N.E.2d 258, the court considered a case involving a defendant, who was not a student, who had come to a high school carrying a cane or bludgeon. The defendant stated that he had gone to help a member of the Blackstone Rangers, towit, Jeff Fort. The trial court imposed a sentence of probation providing that the first 30 days of the same were to be served in the House of Correction. The appellate court in that case, although not requested to remove the conditions of his admission to probation, did so under Supreme Court Rule 615 (Ill. Rev. Stat. 1969, ch. 110A, par. 615) and found that the defendant had never been in prison and that the interests of the defendant and society were best served by eliminating the first 30 days of his period of probation in the House of Correction. Likewise, in *People v. Krebel* (1970), 130 Ill.App.2d 815, 264 N.E.2d 279, the court considered a case where two defendants, who were brothers, had entered a plea of guilty to a charge of aggravated battery. The two brothers were fighting and when apprehended by the police the officer was struck in the mouth. More officers arrived on the scene, and the two brothers offered resistance to the efforts of the police to subdue them. The trial court granted probation to both brothers but provided that the first portion of their period of probation should be spent in confinement. The appellate court in that case found:

> "It appears that the defendants are not likely to commit another offense, the public interest does not require their incarceration, and rehabilitation does not require incarceration. Under these circumstances we are not persuaded that the interests of society

will best by served by requiring them to be confined for part of their probationary periods. *People v. Callahan,* 103 Ill.App.2d 350, 243 N.E.2d 624." 130 Ill.App.2d 815, 819, 264 N.E.2d 279, 282.

■■ In the case before us we feel that the principles enunciated in the above three cases are applicable. As a matter of fact, the conduct of the defendant herein, while it resulted in serious injury to his would-be bride, was no more serious than the conduct of the defendants in the cases set forth above. Additionally, the defendant was genuinely sorry for his misconduct in striking and beating his would-be bride, who apparently had tired of him. Further, he reimbursed her for her medical expenses together with an additional sum for her pain and suffering, and, while not condonable, it was obviously a crime of passion. In view of the defendant's lack of a prior record of any kind except one $10 fine, his excellent work record at one place of employment, the last 9 years of which he has been manager of the drugstore, and considering all of the items enumerated in the above cases, we think that the interest of society and the rehabilitation of the defendant may best be served by eliminating the condition of probation that the defendant serve the first 45 days of his probationary period in the county jail under a period of periodic imprisonment. While the actions of the defendant are not to be condoned in any way, the judgment of the circuit court of Winnebago County is affirmed, and the terms of the defendant's admission to probation are modified so as to eliminate the condition that the defendant serve the first 45 days of his period of probation in periodic imprisonment. We do this under the provisions of Supreme Court Rule 615 (Ill. Rev. Stat. 1969, ch. 110A, par. 615).

Affirmed as modified.

SEIDENFELD, P. J., and HALLETT, J., concur.