THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES STADE, Defendant-Appellant.

First District (5th Division)   No. 77-1948

Opinion filed December 1, 1978.

William J. Harte, Ltd., of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Joseph P. Quirk, and John J. Moran, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Following a bench trial, defendant was convicted of battery (Ill. Rev. Stat. 1977, ch. 38, par. 12—3) and sentenced to one year probation on condition he serve the first 90 days in the House of Correction. On appeal defendant contends that: (1) he was not proved guilty beyond a reasonable doubt because he reasonably believed he was being attacked, and (2) the sentence was excessive since defendant was 17 years old, employed as a carpenter and had no criminal history.

The following pertinent evidence was adduced at trial.

*For the State*

*James Cichowski*

He was 18 years old on October 1, 1977. As he drove into a park in Chicago, he was forced to slow down because defendant and several other youths were standing out in the middle of the road. When he stopped, the youths approached his car and defendant accused him of kicking his sister's car at "Super Dog," a restaurant. Although he denied this, defendant kept repeating the accusation. Since the youths were "creeping in" to his car, he "took off." Several of the youths including defendant, pursued him in another vehicle into a dead-end street where defendant rammed the rear of his automobile as it came to a stop. Defendant walked over to the car, punched him twice in the nose, grabbed his hair and pulled him out of the car. Defendant then held his head down and kept kicking and thrashing him in the face. As he was

"blackening out," he heard someone say "Quit kicking him," and when he looked up neighbors were getting defendant off him. He took down defendant's license plate number as defendant drove off. He went to a hospital where a doctor took X rays which indicated a broken nose. He left the hospital that evening and another doctor operated on him subsequently. On cross-examination, Cichowski denied that he kicked the car of defendant's sister, that he got out of his car when it came to a stop, that he approached defendant with his fists raised or that he took a swing at defendant.

### Margaret Cichowski

She is the mother of James Cichowski. At about 11:30 p.m. on October 1, 1977 her son, James, came home with his face covered with blood, abrasions over his right eye and bruises on his arm. He was visibly shaken and stated that somebody had beaten him up. He asked to be taken to the hospital.

### For the Defendant
#### Charles Stade, on his own behalf

When he asked Cichowski why he kicked his sister's car, Cichowski replied with a vulgar remark and drove off. Defendant "got a little mad" and chased Cichowski around the park until he caught up with him in a dead-end street. Doug and Jim MacDonald were present in his car. Cichowski then got out of the car and swung at him, but missed. He then "protected himself," and hit and kicked Cichowski causing him to fall. Defendant testified he went after Cichowski not to "beat him up," but to find out his name.

### Doug MacDonald

He testified that he was in defendant's car and that it was Cichowski who swung first. He said that defendant hit Cichowski and kicked him a few times while he was on the ground or getting up.

### Opinion

■■ Defendant first contends he was not proved guilty beyond a reasonable doubt because he reasonably believed that he was being attacked and was not required to wait until a blow was struck. Defendant cites *People v. Lenzi* (1976), 41 Ill. App. 3d 825, 355 N.E.2d 153, in which it was observed that in order to establish self-defense, the accused must show that unlawful force was threatened against him, that he was not the aggressor, that he believed the danger of harm was imminent, that force was necessary to avert the danger and that the amount of force used was necessary to avert the danger and that the amount of force used was

necessary. Determination of the credibility of the witnesses and of the weight to be given their testimony was for the trier of fact to determine. (See also *People v. Reese* (1973), 54 Ill. 2d 51, 294 N.E.2d 288; *People v. Nance* (1975), 26 Ill. App. 3d 182, 324 N.E.2d 652.) At the conclusion of the closing arguments, the trial court stated it believed the testimony of the victim. Defendant admitted hitting the victim but claimed self-defense. The victim's testimony, which the trial court believed, clearly established that defendant was the aggressor. The record does not leave a reasonable doubt of defendant's guilt. See *People v. Akis* (1976), 63 Ill. 2d 296, 347 N.E.2d 733.

Defendant next contends that the sentence of 90 days incarceration as a condition of probation was an abuse of discretion since he was only 17 years old, living with his parents, and employed as a carpenter, with no prior criminal history. He relies on *People v. Krebel* (1970), 130 Ill. App. 2d 815, 264 N.E.2d 279, and *People v. Nance.* The cases cited by defendant are distinguishable since in this case defendant was clearly the aggressor, his actions were seemingly more contemplated and his attack resulted in serious injury. In making its finding, the court observed that defendant was the aggressor from the very beginning. The court further noted that there was a notable difference in size between the larger defendant and the victim. The court observed that there was a pursuit and stated that it felt that defendant's conduct under the "circumstances about which there has been no substantial dispute is intolerable." The court said it would consider work release if defendant's employment could be verified, and the assistant public defender said he would prepare the papers for work release, but the record does not reveal if there were further proceedings in this regard.

■■ ■ A reviewing court will not alter a sentence absent an abuse of discretion by the trial court. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) This court will not substitute its judgment for that of the trial court merely because it may have imposed a different sentence. (*People v. Jovicevic* (1978), 63 Ill. App. 3d 106, 379 N.E.2d 665.) Despite defendant's youth and his lack of any criminal record, we cannot say that the sentence imposed is excessive given the aggravated circumstances of the offense. Compare *People v. Jennings* (1972), 5 Ill. App. 3d 661, 284 N.E.2d 41; *People v. Brady* (1972), 4 Ill. App. 3d 622, 281 N.E.2d 771.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

MEJDA and WILSON, JJ., concur.