**People of the State of Illinois, Plaintiff-Appellee,
v. Jerry Landry, Defendant-Appellant.**

**Gen. No. 54,038.**

First District, Third Division.

April 2, 1970.

Rehearing denied April 23, 1970.

Harold H. Winer, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Robert Kelty, Special Assistant State's Attorney, and Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

Jerry Landry and George Marks were indicted for operating a gambling device and keeping a gambling place. Ill Rev Stats 1967, c 38, §§ 28–1(a)(3), 28–3. Tried jointly in a nonjury trial, they were found guilty and fined $300 each. Landry prosecutes this appeal. He contends the State failed to prove beyond all reasonable doubt that he knowingly committed the offenses charged, and that the trial court's refusal to admit certain testimony into evidence and failure to rule on his motion to suppress evidence constitute reversible error.

Acting on information furnished to him, Officer Voelker, of the Cook County Sheriff's police, went to the Shady Rest Inn, Rosemont, in the early afternoon of January 18, 1967. Voelker, who was dressed in plain clothes, seated himself at the bar. He remained there for about an hour, ordering a meal and two beers from the bartender, George Marks. While he was eating he saw patrons playing a pinball machine; after he had finished, he went to the machine which was similar to others he had seen as a member of the Sheriff's vice and gambling unit. An indicator on the machine denoted the number of replays won. After depositing approximately $5 in the machine, the officer scored a "win" which called for eight replays. Based on his prior experience, Voelker testified that a "win" sign means that 10 cents will be paid for every replay. Voelker told Marks he believed he had won. Marks came from behind the bar, walked over to the machine, reached behind it to neutralize the replay control, returned to the bar and gave the officer 80 cents.

Voelker, who spent nearly two and one-half hours at the Inn, testified that while he was there he saw Landry, the licensed owner of the tavern, near the bar, in the kitchen and generally all over the place. However, he did not know whether Landry was in the tavern at the time he received the 80 cents from Marks.

Marks testified that he had been employed for one and a half weeks as a part-time bartender at the Shady Rest Inn. He recalled that on January 18, 1967, Voelker ate and drank at the tavern. Sometime after he finished his lunch and paid his bill, Voelker returned to the bar, said he had been playing the pinball machine and it was not registering. Voelker told Marks he had 80 cents in the machine and was in a hurry to leave. Marks said he was busy at the bar so, rather than fooling around with the machine, he just gave Voelker the

80 cents. After receiving the coins, Voelker left. Marks unplugged the machine and returned to work behind the bar. When Landry, who was not there at the time the money was given to Voelker, returned that afternoon, Marks informed him that the machine was out of order.

Landry testified that he was the owner of the Inn, but had left the premises before 1:00 p. m. on January 18th and had not seen Voelker playing the pinball machine. When informed by Marks that the machine was not working, he called the repair service and it was replaced with another one. Landry said that the machine which was taken from the premises by the police on January 19th was not the one played by Officer Voelker on January 18th. He also testified that the machine was used only for amusement purposes and that he never paid off patrons who played it and, further, that he had instructed his employees not to make payoffs. On the motion of the State, the latter statement was stricken by the court.

When recalled to the stand, Officer Voelker testified that he had marked his initials on the machine while playing it on January 18th. When the machine was brought into court, Voelker identified it and pointed out his initials. The machine was not introduced into evidence. Prior to the trial, both defendants moved to suppress the machine and the coins which Voelker received from Marks. The court denied the motion as to Marks, but reserved its ruling as to Landry. The motion to suppress was made and testimony in the case was heard in September 1967; thereafter, the trial was postponed several times either by order of the court or on motion of the defendant. There was more than a seven-month interval between the time the court reserved its ruling on the motion to suppress and the conclusion of the trial. The court's attention was never

called to the long-pending motion and it was never ruled upon.

Landry urges that two trial errors were committed: the failure to rule on the motion to suppress and the court's refusal to allow him to testify that he instructed his employees not to use the machine as a gambling device. These alleged errors were not included in the defendant's written motion for a new trial. When grounds for a new trial are stated in writing, a defendant on review is limited to the errors set out in the post-trial motion and all others are regarded as having been waived. People v. Irwin, 32 Ill2d 441, 207 NE2d 76 (1965); People v. Gratton, 28 Ill2d 450, 192 NE2d 903 (1963); People v. Bridges, 67 Ill App2d 236, 214 NE2d 539 (1966).

The inadvertent failure of the trial court to rule on Landry's motion does not constitute such a substantial error (Ill Rev Stats 1967, c 110A, par 615(a)) that his own failure to raise this issue in his post-trial motion should be overlooked. The pinball machine was not received in evidence; that Voelker received 80 cents in coins was not in dispute; the exact identification of the coins was not in question. Neither the machine nor the coins were essential to the State's case and there is no reasonable possibility that the physical presence of either contributed to the defendant's conviction. Where a court is the trier of the facts a presumption exists that the judge considered only competent evidence and discarded inadmissible evidence in reaching his decision. People v. Robinson, 30 Ill2d 437, 197 NE2d 45 (1964); People v. DeGroot, 108 Ill App2d 1, 247 NE2d 177 (1969). If error was committed by the court's forgetting to rule on the motion it was harmless error which, beyond a reasonable doubt, did not contribute to the finding of guilty. Chapman v. California, 386 US 18, 17 L Ed 2d 705, 87 S Ct 824 (1967). Further, the court's exclusion of Landry's testimony as to his instructions to his em-

ployees, while error, was not so substantial as to prejudice his right to a fair trial.

■ ■ The defendant contends that the State did not prove beyond a reasonable doubt that he knowingly committed the offenses charged in the indictment since no evidence was presented that gambling was so notorious or frequent as to alert him that his premises or his pinball machine were being used for gambling purposes. The testimony of the police officer, if believed, was sufficient to establish that the machine was used as a gambling device. In order to find that the defendant kept a gambling place, it was incumbent upon the State to prove that he knowingly permitted a building under his control to be used for the purposes of gambling. People v. Perry, 34 Ill2d 229, 215 NE2d 229 (1966). The evidence showed that gambling occurred on the premises. Landry was the licensee and owner of the Shady Rest Inn. He was present in the tavern on the day the gambling took place and he was working throughout the establishment. Further, the bartender had been in the defendant's employ only a week and a half on a part-time basis and thus could not be presumed to have been acting on his own initiative. The fact that the money he gave to the officer came from "behind the bar" implies a fund for this purpose and sponsorship by the tavern. The cumulation of the above facts justified the finding that the defendant operated a gambling device and knowingly permitted his premises to be used for gambling purposes. The judgment is affirmed.

Affirmed.

SCHWARTZ and McNAMARA, JJ., concur.