(No. 45332.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. FOSTER TAYLOR, Appellant.

*Opinion filed May 21, 1973.—Rehearing denied Sept. 27, 1973.*

JAMES J. DOHERTY, Public Defender, of Chicago (JOHN T. MORAN, JR., Assistant Public Defender, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BERNARD CAREY, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and FREDERIC I. CHAIMSON, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In a bench trial in the circuit court of Cook County, defendant, Foster Taylor, charged with the murder of Joe Edwards, was convicted of involuntary manslaughter (Ill. Rev. Stat. 1969, ch. 38, par. 9—3) and sentenced to the penitentiary. Defendant appealed, the appellate court affirmed (6 Ill. App. 3d 335 (abstract opinion)) and we allowed defendant's petition for leave to appeal.

Defendant contends here, as he did in the appellate

court, that the evidence is insufficient to prove him guilty of involuntary manslaughter beyond a reasonable doubt. He contends further that the People's case rests upon the testimony of a convicted felon, Willie Williams, who admittedly had critically injured defendant, and that Williams' testimony must be subjected to close scrutiny.

The testimony adduced by the People showed that in a restaurant-tavern the deceased, Joe Edwards, had been arguing with another man, Honey Miller, and defendant intervened in Miller's behalf. After some argument between the defendant and Edwards, the defendant left the premises, was gone for several minutes and then returned. While standing near the door, defendant challenged Edwards to come outside and settle the argument. Edwards initially ignored the defendant, but, after several repetitions of the challenge, he rose from the stool on which he was sitting and started toward defendant. Defendant produced a gun and fired one shot. The two grabbed each other and fought. As they were struggling, several more shots were fired. Willie Williams took the gun from defendant, struck defendant on the head, and held him for the police.

Defendant's witnesses testified that during the initial argument between Edwards and defendant, Edwards produced a gun and ordered the defendant to leave the tavern. Finnie Baggett persuaded Edwards to put the gun away. Baggett and the defendant then left the restaurant, went out into the alley and had a few drinks. When they returned to the tavern, the defendant and Edwards had more words, Edwards fired a shot at defendant, defendant produced a gun and fired back. Edwards died as the result of a gunshot wound and defendant was wounded in the hand. It was stipulated that only one gun was found at the scene, that this was the gun which Williams took from the defendant and that it was the weapon from which the fatal shot had been fired.

In support of his contention that the evidence does

not prove him guilty beyond a reasonable doubt, defendant argues that the testimony shows an intentional act in self-defense on his part, that involuntary manslaughter is a nonintentional act, that the trial court should either have found him guilty of murder or acquitted him on the theory that he acted in self-defense, and that the evidence does not support the conviction of involuntary manslaughter.

Involuntary manslaughter is a lesser offense included within that of murder (*People v. Arndt, 50 Ill. 2d 390*), and the sole question presented on this record is whether there is sufficient evidence to sustain the conviction. The statutes, so far as here pertinent, provide:

> "(a) A person who kills an individual without lawful justification commits murder if, in performing the acts which cause the death:
>
> > (1) He either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another." Ill. Rev. Stat. 1969, ch. 38, par. 9—1(a)(1).

> "(a) A person who kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly." Ill. Rev. Stat. 1969, ch. 38, par. 9—3(a).

> "A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force. ***" Ill. Rev. Stat. 1969, ch. 38, par. 7—1.

From our examination of the record we conclude that the evidence is sufficient to sustain a judgment finding defendant guilty of murder and that there is also sufficient evidence that defendant acted recklessly to support the conviction of involuntary manslaughter. The evidence was conflicting, and as the court said in *People v. Sain, 384 Ill.*

*394, 399,* "It was the province of the trial judge, a jury having been waived, to settle the conflict in the evidence and determine from the facts and circumstances whether defendant acted in self-defense, or, if not in self-defense, whether the circumstances attending the assault were such that her death at defendant's hands constituted murder, manslaughter or justifiable homicide."

We have considered defendant's argument that the testimony of Williams, a convicted burglar, must be carefully scrutinized. We note that the conviction was 18 years prior to the trial of this case and that Williams' testimony is not inconsistent with that of the other witnesses. "The credibility and weight to be given to the testimony of the witnesses is a matter for the trial court's determination and will not be disturbed unless palpably erroneous. (*People v. Ostrand, 35 Ill.2d 520, 532, 533.*)" *People v. Arndt, 50 Ill.2d 390, 396.*

The judgment is affirmed.

*Judgment affirmed.*