The People of the State of Illinois, Plaintiff-Appellee, *v.* Walter Semma, Defendant-Appellant.

(No. 59044;

First District (3rd Division)—May 16, 1974.

Paul Bradley, Robert E. Davison, and P. Kay Adrian, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Linda West Conley, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The defendant Walter Semma was found guilty of attempt burglary by a jury and was sentenced to a minimum of 1 year and a maximum of 14 years in prison. He contends that the State did not prove the intent necessary to commit attempt burglary, that the trial judge improperly ruled that evidence of prior convictions could be used to impeach his testimony, and that the sentence was excessive under section 8—4(c) of the Criminal Code, as amended January 1, 1973 (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 8—4(c)).

The State admits that the defendant's sentence should be reduced to 1 to 10 years pursuant to section 5—8—1 of the Unified Code of Corrections, but disagrees that it should be further reduced by reason of section 8—4(c) of the Criminal Code.

Semma was arrested on April 1, 1972, in the back yard of the residence of Julietta Miller, 5654 Wilson Avenue, Chicago, At the trial, Mrs. Miller testified that she was alone in her house on the evening of April 1st; she was ill in bed and the lights were not on. At about 8:30 P.M., she heard the doorbell ring. Without turning on any lights, she looked out a window and saw Semma on the steps. She watched him as he went down the steps and walked to the house next door. Watching from different windows in her house, she saw him walk down the alley between her house and her neighbor's house, go into her neighbor's yard, come into her back yard, climb on her fence and try to open the bedroom window and the back porch window of the house next door. He then came to her kitchen door and threw himself against it. While he was at the door, Mrs. Miller called the police. Upon returning to the kitchen, she saw that Semma was breaking the glass in the door near the door handle. As she ran to telephone the police again, she saw that they had already arrived. She directed them to her back yard. Going back into the kitchen, she saw Semma walk down the back stairs and stand behind a tree. When the police entered the yard, he stepped out from behind the tree and was arrested.

■■ The offense of burglary consists of entering, with or without force, any dwelling or other building, either in the daytime or the nighttime, with intent to commit a felony or theft. (Ill. Rev. Stat. 1971, ch. 38, par. 19—1.) While intent cannot be implied as a matter of law, criminal intent may be shown by circumstantial evidence. (*People v. Soznowski* (1961), 22 Ill.2d 540, 177 N.E.2d 146.) In determining intent, all of the facts and circumstances of the case may be considered including the words and actions of the accused. (*People v. Maffioli* (1950), 406 Ill. 315, 94 N.E.2d 191.) Where there are no inconsistent

circumstances, theft may be inferred as the purpose of breaking and entering a building containing personal property that could be the subject of larceny. *People v. Johnson* (1963), 28 Ill.2d 441, 192 N.E.2d 864.

■■ Semma tried to break down the kitchen door and then broke the glass near the handle of that door. There were no lights on in the house and when he had rung the doorbell, no one answered so that the house appeared to be unoccupied. There being no inconsistent circumstances, the facts support the inference that he was attempting to enter the house with the intent to commit theft.

The trial court considered Semma's pre-trial motion to disallow evidence of his four prior convictions if he testified. The convictions were for a burglary in 1942 with release from prison in 1955, an attempt burglary in 1960 with release on parole in 1964, and two robberies in 1965. The court ruled that the conviction for burglary was too remote but that the other three would be admissible for impeachment purposes if Semma testified.

Semma did not testify at the trial and therefore evidence of the prior convictions was not received. He now asserts that the judge's decision to permit the introduction of the prior attempt burglary convictions prejudiced him by causing him not to testify.

■■ This issue is raised for the first time on appeal. No assertion of error based on the admissibility of his prior convictions was made in his post-trial motion and therefore the issue has been waived. (*People v. Hairston* (1970), 46 Ill.2d 348, 263 N.E.2d 840, *cert. denied*, 402 U.S. 972 (1971); *People v. Landry* (1970), 123 Ill.App.2d 86, 259 N.E.2d 604.) Furthermore, the trial court's decision was not improper under the guidelines set out in *People v. Montgomery* (1971), 47 Ill.2d 510, 268 N.E.2d 695.

The defendant's final contention, that he was improperly sentenced according to the provisions of section 8—4(c) of the Criminal Code (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 8—4(c)) was decided adversely to his position in *People v. Ashford* (1974), 17 Ill.App.3d 592, 308 N.E.2d 271. He asserts that he should have been sentenced according to section 8—4(c)(4) rather than section 8—4(c)(3). He cites as authority the case of *People v. Scott* (1973), 14 Ill.App.3d 211, 302 N.E.2d 146, which held that both section 8—4(c)(3) and 8—4(c)(4) applied to the defendant Scott and that he was therefore entitled to the application of the provision which provided the lesser sentence.

In *Ashford* this court disagreed with the holding in *People v. Scott* and held that section 8—4(c) was ambiguous and had to be construed

so as to avoid the ambiguity. This court held that the proper construction of section 8—4(c) was that all offenses covered by section 8—4 (c)(3) were excluded from the application of section 8—4(c)(4).

██ Under our construction of section 8—4(c), the offense of attempt burglary would fall only under section 8—4(c)(3), the section which the trial court applied in this case.

The sentence of the defendant will be reduced in accordance with section 5—8—1 of the Unified Code of Corrections to a minimum of 1 year and a maximum of 10 years.

Affirmed as modified.

McNAMARA, P. J., and McGLOON, J., concur.