THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL CHARLES COOPER, Defendant-Appellant.

(No. 74-321;

Fifth District—July 10, 1975.

Joseph W. Hickman, of Benton, for appellant.

Loren P. Lewis, State's Attorney, of Benton (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Michael Charles Cooper, from a judgment of conviction entered by the circuit court of Franklin County on a jury's verdict of guilty to the charge of voluntary manslaughter, a lesser included offense in the murder charged, and the imposition of a sentence of not less than 3 years' nor more than 9 years' imprisonment.

We note at the outset that the defendant's brief on appeal contains a section entitled "Issues Presented for Review," which contains 17 enumerated "issues." Under defendant's section entitled "Points and Authorities," only four "points" are raised. The defendant's argument is not organized into sections dealing with each "issue" or "point." Supreme Court Rule 341(e)(7) (Ill. Rev. Stat. 1973, ch. 110A, par. 341(e)(7)) provides, in part:

> "(e) *Appellant's Brief.* The appellant's brief shall contain the following parts in the order named:
>
> \* \* \*
>
> (7) Argument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. \* \* \* Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."

Since the defendant has seen fit not to argue several of his "issues" we deem such issues waived. For purposes of review we have consolidated those contentions presented in defendant's argument, and hence not waived, into the following:

(1) The defendant was not proven guilty beyond a reasonable doubt of the charge of voluntary manslaughter.

(2) The opening statement by the State's Attorney was prejudicial to the defendant.

(3) The defendant was prejudiced by the State's failure to divulge certain evidence which was within the defendant's motion for discovery.

(4) It was reversible error for the State to fail to present evidence establishing the defendant's sanity before resting its case in chief when it had been notified that insanity would be one of the defendant's defenses.

(5) The trial court erred in failing to instruct the jury as to "the lesser included offense" of involuntary manslaughter.

■■ The defendant's contention that he was not proven guilty beyond a reasonable doubt of the charge of voluntary manslaughter is premised upon the degree of the defendant's intoxication at the time of the offense and his allegation that he was not the aggressor *i.e.*, he acted in self-defense. As we recently stated in *People v. Heiple*, 29 Ill.App.3d 452, 453, 330 N.E.2d 556, 557.

> "* * * voluntary intoxication is no excuse for the perpetration of a criminal act; however, it may be used to negate intent where the intoxication is so extreme as to suspend all reason and make impossible the existence of a mental state which is an element of the crime. [Citations.]"

While the testimony presented on behalf of the defendant regarding the amount of alcohol the defendant had consumed stood unrebutted, since there was a conflict in testimony concerning the degree of the defendant's intoxication at the time of the offense, it was for the jury, as the triers of fact, to determine not only the credibility of the witnesses, but, ultimately, if the defendant's degree of intoxication had advanced to the stage where it suspended all of the defendant's power to reason and made it impossible for the defendant to entertain the requisite mental state required to commit the offense of voluntary manslaughter. (See *People v. Heiple*, 29 Ill.App.3d 452, 330 N.E.2d 556; *People v. Smith*, 26 Ill.App.3d 1062, 325 N.E.2d 623.) Under the record before this court we cannot say that the jury's determination that the defendant was not intoxicated to so great a degree was in error.

■■ Similarly, there was ample evidence presented to the jury to establish that the lethal actions of the defendant were not prompted by his legitimate concern for self-preservation. Under such circumstances we find no reason to disturb the jury's implied finding that the defendant's actions were not justified under the pretense of self-defense. See *People v. Dortch*, 20 Ill.App.3d 911, 314 N.E.2d 324; *People v. Bauer*, 11 Ill.App.3d 887, 298 N.E.2d 280; *People v. Smith*, 7 Ill.App.3d 912, 288 N.E.2d 901.

Having thus decided, we find that the defendant, who admitted shooting the victim at point-blank range, was proven guilty beyond a reasonable doubt of the charge of voluntary manslaughter.

■■ Next, the defendant argues that the opening statement by the State's Attorney was prejudicial to his defense. The following statement is the basis for the defendant's complaint:

> "If, during the course of this trial, I appear to be a little bit nervous, it is probably because I am; I have been State's Attorney here for thirteen, going on fourteen months, and this is the first felony trial I have handled for the People."

The defendant, who made no objection in the trial court, now contends that he could not have objected without giving such statements "additional emphasis." The State on the other hand contends that the impropriety of such remark, if not waived by the failure to object (*People v. Killebrew*, 55 Ill.2d 337, 303 N.E.2d 377), did not constitute a material factor in the conviction and that this remark was of such a minor character that prejudice to the defendant was not the probable result (*People v. Berry*, 18 Ill.2d 453, 165 N.E.2d 257). While we do not condone such remarks, when measured against the overwhelming evidence against the defendant, we find their effect de minimis.

■■ The defendant also argues that he was prejudiced by the State's failure to divulge certain evidence which was within the defendant's motion for discovery. The basis for this argument is that the State did not deliver a lab report which contained the results of a blood analysis that was performed on the deceased victim. In particular, the report noted that the deceased victim's blood alcohol level was "0.26" which the report characterized as being "* * * a marked elevation [representing] the lower levels where stupor may appear" and as showing a "definite level of intoxication." The defendant characterizes the State's dilatory actions as a "deliberate concealment of evidence that might be favorable to Defendant." He argues that prior to his being aware of the existence of the blood sample, it had "deteriorated beyond usefulness." Moreover, he contends, "this information would have had a tremendous bearing on the all-important question of 'who was the aggressor?'" We, however, find this line of reasoning unpersuasive for a number of reasons. First, the defendant was given the lab report in question prior to the trial and was able to elicit the fact that alcohol content of the victim's blood was 0.26 and that this represented a definite level of intoxication. Secondly, the nexus between the percentage of alcohol in the victim's blood and the aggressiveness of his actions is, at best, nebulous. Thirdly, even if one accepts such a nexus as being plausible, it works equally against the defendant since he went to great lengths to establish the amount of alcohol he had consumed. And lastly, contrary to the defendant's contentions, the record fails to disclose any "deliberate concealment of evidence that might be favorable to Defendant." Consequently, we fail to see what prejudice accrued to the defendant as a result of the delay in conveying the lab report in question to the defendant.

■■ The next argument raised by the defendant is that it is reversible error for the State to fail to present evidence establishing the defendant's sanity before resting its case in chief when it had been notified that insanity would be one of the defendant's defenses. We find this argument

devoid of all merit. "Insanity" is an affirmative defense (Ill. Rev. Stat. 1973, ch. 38, pars. 6—2, 6—4), and "unless the State's evidence raises the issue * * *, the defendant, to raise the issue, must present some evidence thereon" (Ill. Rev. Stat., ch. 38, par. 3—2(a)). In the instant case, the defendant fails to even allege that the State's evidence raised the issue of insanity. Consequently, until the defendant presented some evidence on the defendant's insanity the State had no obligation to rebut the defendant's affirmative defense of insanity. Numerous cases have so held. *People v. Hawkins,* 53 Ill.2d 181, 290 N.E.2d 231; *People v. Moore,* 19 Ill.App.3d 334, 311 N.E.2d 401; *People v. Hall,* 19 Ill.App.3d 14, 311 N.E.2d 246; *People v. Conrad,* 81 Ill.App.2d 34, 225 N.E.2d 713.

■■ The final contention raised by the defendant is that the trial court erred in failing to instruct the jury regarding "the lesser included offense" of involuntary manslaughter. This issue was confronted by the court in *People v. Cunningham,* 123 Ill.App.2d 190, 209, 260 N.E.2d 10, 19, wherein that court stated:

> "* * * although voluntary intoxication, in a proper case, might reduce the degree of homicide from murder to voluntary manslaughter so that a defendant's voluntary manslaughter instruction must be given to the jury, it does not reduce it one degree lower to involuntary manslaughter."

While this pronouncement may be subject to some modification, nothing in the instant case demonstrates any need for such modification. Patently absent from the facts of the instant case is any indication that the defendant's acts were reckless (the mental state required for involuntary manslaughter) and not intentional. Thus, unlike the situation in *People v. Taylor,* 54 Ill.2d 558, 301 N.E.2d 273, the evidence was not sufficient to support a finding that the defendant acted recklessly. Consequently, under the facts herein present, we find that the trial court did not err in failing to instruct the jury on the offense of involuntary manslaughter. Accord, *People v. Arnold,* 17 Ill.App.3d 1043, 309 N.E.2d 89.

Having found each of the contentions argued in the defendant's brief to be without merit, we affirm the judgment of conviction entered by the circuit court of Franklin County.

Affirmed.

KARNS and CARTER, JJ., concur.