McKUSICK, Chief Justice,
and WATHEN, Justice, dissenting.
We would affirm the judgment below. The case presented by the State before the District Court judge was not a model of *260 completeness and clarity to be emulated in the prosecution of either adult or juvenile cases. Nonetheless, we as appellate judges cannot say that on the evidence in this record no rational factfinder could conclude beyond a reasonable doubt that the juvenile had entered the department store warehouse with the intent to commit theft therein. Within the constraints of appellate review, therefore, we do not believe the judgment below should be reversed for insufficiency of evidence on the intent issue. See State v. Lagasse, Me., 410 A.2d 537, 542 (1980).
In the case at bar the police found the juvenile, Shawn G., along with three other males, two adults and one juvenile, hiding in the nighttime in the warehouse of a general department store, Peck’s of Lewi-ston. Because of the nature of the store and its warehouse, it was a reasonable inference, both for the entering quartet and for a factfinder, that once inside the department store warehouse the intruders would have access to a whole range of valuable, readily asportable consumer goods. That inference was so obvious that apparently it never occurred to either the prosecutor or the juvenile court judge that express evidence as to the contents of the department store warehouse was necessary. A fact-finder may rationally infer, though he of course is not required to do so, that a person who at nighttime entered without authority a bank vault, a jewelry store, or similar place containing valuables that are easily carried away, and who on approach of the police flees or hides, entered for the purpose of theft. See State v. Boyer, Me., 392 A.2d 41 (1978) (store); State v. Maples, Me., 343 A.2d 583 (1975) (gun shop); State v. York, Me., 324 A.2d 758 (1974) (restaurant). While the three Maine cases just cited involved defendants caught trying to break into places where asportable valuables were located, it would be anomalous if the intent to steal on the part of this juvenile and his associates was any less inferable because they had gone further in carrying out their intent before the police found them hiding within the place containing asportable valuables. See also Commonwealth v. Lewis, 276 P.Super. 451, 419 A.2d 544, 547 (1980) (“exceedingly strong inference of an intent to commit theft” arises from the facts that the building entered (a church) “was highly likely to contain articles of value which could be taken without the use of special tools,” that the entry was in the nighttime, and that on discovery by the police the defendant fled). In numerous appellate decisions from other jurisdictions, factfinders have been upheld in basing their inference of an intent to steal upon the fact of an unlawful entry or attempted entry into a structure containing articles of value if no other purpose appears from the fact circumstances. See, e. g., Parrish v. State, 141 Ga.App. 631, 234 S.E.2d 174 (1977) (grocery warehouse); People v. Semma, 19 Ill.App.3d 776, 312 N.E.2d 746, 747 (1974) (house); State v. Clay, 213 N.W.2d 473 (Iowa 1973) (hardware store); People v. Bonner, 49 Mich.App. 153, 211 N.W.2d 542, 544 (1973) (business office containing adding machines, etc.); State v. Lawrence, 566 S.W.2d 243, 246-47 (Mo.App.1978) (apartment); Price v. State, 589 S.W.2d 929, 932 n. 1 (Tenn.Cr.App.1979) (beauty shop).
In our judgment the evidence in this case was adequate to support a rational conclusion that beyond a reasonable doubt the juvenile and his three companions entered the department store warehouse with the intent to steal.